IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA CONNELLY,<br>        Plaintiff,<br><br>        v<br><br>LANE CONSTRUCTION CORPORATION,<br>        Defendant. | )<br>)<br>)<br>)  2:13-cv-1402<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Now pending before the Court is DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE 12 (ECF No. 5), filed by Lane Construction Corpororation ("Lane") with brief in support. Plaintiff Sandra Connelly ("Connelly") filed a brief in opposition to the motion and the matter is ripe for disposition.

Factual and Procedural Background

Connelly was employed by Lane as a union member truck driver from May 2006 until she was laid off in October 2010. Lane employed seven (7) truck drivers at its Pittsburgh plant location during this time period. Connelly ranked fifth in seniority and was the only female.

Connelly was involved in a romantic relationship with one of the other truck drivers, which relationship ended in May 2007. She alleges that for the next several years, she endured disparaging comments and harassment from her co-workers and made numerous complaints to Lane's Ethics Hotline. Connelly asserts that this conduct constituted a hostile work environment.

Apparently, the truck drivers were laid off at the end of the fall construction season each year and rehired the following spring. Connelly alleges that she was laid off in October 2010

before the other truck drivers. The Complaint is silent regarding the six-month period from October 2010 through April 2011.

In April 2011, Connelly contacted Lane to ask why she had not been recalled. Lane responded that no work was available. However, Connelly observed that the four drivers with more seniority had been recalled; that Mike Rupert, one of the drivers with less seniority, was working as a general laborer (non-trucker); and that Casey Allen, the other driver with less seniority, had been recalled to drive the "tack truck." The tack truck was the only vehicle which Connelly was not qualified to drive. The previous year, Donny Smail, the most senior driver, had driven the tack truck. Connelly alleges that Lane manipulated the recall process and truck assignments to exclude her from recall.

Connelly filed a union grievance, which was denied. On October 7, 2011 she dual-filed a charge of discrimination with the EEOC and PHRC. Although the Complaint alleges that the EEOC charge was filed on October 7, 2010, that appears to be a clear typographical error. Plaintiff's Brief at 5 n.1 confirms that the EEOC charge was filed on October 7, 2011. The EEOC issued a right to sue letter on June 28, 2013. This litigation followed. Connelly alleges disparate treatment based on her gender, sexual harassment, a hostile work environment and retaliation.

Legal Analysis

As Plaintiff recognizes, procedural remedies must be exhausted prior to pursuing litigation under Title VII or the PHRA. As relevant to the pending motion, a plaintiff must file a charge of discrimination with the EEOC within three hundred (300) days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Claims under the PHRA must be filed within

one hundred and eighty (180) days of the alleged unlawful employment practice. 43 P.S. § 959(h). "Therefore, Plaintiff must show that discriminatory acts occurred after December 11, 2010 for her Title VII claims and after April 8, 2011 for her PHRA claims." Plaintiff's Brief at 5 n.1.

Lane contends that all of Connelly's claims of discrimination are untimely, except for the alleged failure to rehire her in April 2011. Connelly contends that all of her claims are timely under the "continuing violation" theory. In *Mandel v. M & Q Packaging Corp.*, the Court of Appeals explained:

> Under the continuing violation doctrine, discriminatory acts that are not individually actionable may be aggregated to make out a hostile work environment claim; such acts "can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period." *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (explaining court may consider "entire scope of a hostile work environment claim ... so long as any act contributing to that hostile environment takes place within the statutory time period")). A hostile work environment claim "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice' " and "cannot be said to occur on any particular day." To allege a continuing violation, the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period.

706 F.3d 157, 165–66 (3d Cir. 2013) (citations omitted). There is no longer a "permanency" requirement to establish a continuing violation. Instead, the inquiry now is rather straightforward—whether the alleged violations committed by Defendants were "discrete" (i.e., easy to identify) or "non-discrete" (i.e., taking place over time and/or behind the scenes or not actionable on their own). *Rankin v. Smithburger*, 2013 WL 3550894 at *5 (W.D. Pa. 2013).

The only allegedly discriminatory action by Lane that occurred during the 300 day period was the failure to rehire Connelly in April 2011. That act is "discrete" because it is easy to identify and would constitute a separate actionable unlawful employment practice. *Sarno v.*

3

*Wal–Mart Stores East, L.P.*, 2012 WL 5880361 at *5 (D.N.J. Nov. 20, 2012) (citations omitted). Similarly, the alleged decision by Lane to layoff Connelly in October 2010 is a discrete action, and therefore, any challenge to that layoff is untimely.

There is nothing in the record to support a continuing harassment/retaliation theory. The Complaint has pled no facts to show that there was any contact at all between Lane and Connelly during the six months from October 2010 through April 2011. Nor has Connelly pled any facts to infer that the alleged harassers (her fellow truck drivers) had any causal connection with the Company's decision to not rehire her. The only events to which Plaintiff can point involve the recall of less-senior truck drivers and the alleged manipulation of the tack truck assignment. These allegations may (or may not) support a failure to rehire claim, but they are not evidence of continued harassment. Therefore, her alleged hostile work environment, harassment and retaliation claims, which were based on alleged conduct from 2007-2010 -- far outside the 300-day window -- are time-barred. Only the "failure to rehire" claim survives.

Request for Leave to Amend

In the alternative, Plaintiff has asked for the opportunity to file an amended complaint if Lane's motion to dismiss is granted. Ordinarily, a plaintiff is permitted to amend a complaint to attempt to demonstrate a continuing violation. *See* Fed. R. Civ. P. 15(a)(2) ("court should freely give leave [to amend] when justice so requires."). However, a plaintiff should not be allowed to amend a complaint if such amendment would be futile.

Defendant has not responded to Connelly's request. Based on the existing record, the Court harbors significant doubts as to whether Connelly will be able to plead sufficient causal links to make out a continuing violation. For example, additional facts regarding her training

opportunities (or lack thereof) and job assignments prior to October 2010 would not support a harassment theory. Nevertheless, in the absence of any apparent prejudice to Defendant, she will be afforded an opportunity to do so. The Court cautions that if Connelly chooses to file an amended complaint, it will be important to assure that it contains sufficient factual allegations to render the claim(s) "plausible" in compliance with the pleading standard set forth in *Twombly* and *Phillips*.

Conclusion

In accordance with the foregoing, DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE 12 (ECF No. 5) is **GRANTED** and all of Plaintiff's claims are **DISMISSED**, with the exception of the alleged failure to rehire her in April 2011.

Plaintiff shall file an amended complaint, or a statement of her intention to stand on the existing complaint, on or before March 25, 2014. Defendant shall file an appropriate response or pleading on or before April 8, 2014.

SO ORDERED this 11th day of March, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Emily E. Town, Esquire**
Email: etown@stembercohn.com
**Maria Greco Danaher**
Email: maria.danaher@ogletreedeakins.com
**Samantha M. Clancy**
Email: samantha.clancy@ogletreedeakins.com